# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **MICHAEL C. SUSSMAN,** Plaintiff, v. **BLAZIN WINGS, INC.,** Defendant. | **REPORT AND RECOMMENDATION** Case No. 2:18-cv-00623-TC-PMW District Judge Tena Campbell Chief Magistrate Judge Paul M. Warner |

District Judge Tena Campbell referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Defendant Blazin Wings, Inc.'s ("Defendant") motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

At the outset, the court recognizes that Plaintiff Michael C. Sussman ("Plaintiff") is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally. *See e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

---

[1] *See* docket no. 5.

[2] *See* docket no. 4.

## BACKGROUND

The following facts are taken from the court's liberal reading of Plaintiff's complaint, which is generally vague and difficult to decipher. On June 26, 2018, Plaintiff alleges that he was refused service at a restaurant owned by Defendant in Sugarhouse, Utah, because he submitted online guest surveys or comments about employees at the restaurant. Plaintiff contends that, on that day, he had a conversation with a restaurant employee identified as "Mark Park" ("Park"). Plaintiff alleges that during that conversation, Park "refused [Plaintiff] service," "trash talked [Plaintiff] to an extreme," and "informed [Plaintiff] of his permanent criminal trespass status."[3] Plaintiff further alleges that all of those actions were taken against him in "retaliation for performing an activity . . . Defendant wanted . . . Plaintiff to do when not in the restaurant,"[4] which is presumably a reference to guest surveys for the restaurant that Plaintiff completed online. Plaintiff also maintains that he was somehow "defrauded" in connection with submitting online guest surveys regarding his experience at the restaurant.[5] Finally, Plaintiff asserts that given the way in which Park allegedly "trash talked" Plaintiff, Park had the "perception of an emotional disability in connection with . . . Plaintiff."[6]

Based on those allegations Plaintiff's complaint purports to assert the following five causes of action: fraud, violations of Title II of the Civil Rights Act, violations of the Utah Civil

---

[3] Docket no. 3 at 5.

[4] *Id*.

[5] *Id*.

[6] *Id*.

2

Rights Act, violations of Plaintiff's due process rights, and violations of the Americans with Disabilities Act ("ADA").

## LEGAL STANDARDS

### I. Rule 12(b)(1)

A defendant may challenge a claim through a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when a court lacks subject matter jurisdiction. A court lacks subject matter jurisdiction over civil actions if the Plaintiff cannot satisfy the requirements of Article III standing, which are injury-in-fact, causation, and redressability. *See Petrella v. Brownback*, 697 F.3d 1285, 1293 (10th Cir. 2012).

### II. Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted).

In conducting the analysis of Defendant's motion, the court is mindful that Plaintiff is proceeding pro se in this case and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187.  At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).  Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.  This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.  Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

## ANALYSIS

Defendant first argues that Plaintiff lacks standing in this case.  Defendant also argues that Plaintiff's complaint fails to state any claims upon which relief may be granted.  The court will address those arguments in turn.

## I.       Standing

The federal judicial power extends only to cases and controversies.  *See* U.S. Const. Art. III.  For a case or controversy to be justiciable, it must involve "questions presented in an adversary context and . . . capable of resolution through the judicial process."  *Mass. v. Envtl. Prot. Agency*, 549 U.S. 497, 516 (2007) (quotations and citation omitted).  The three requirements of Article III standing – injury-in-fact, causation, and redressability – ensure that the parties to any litigation have "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of the issues upon which the court so largely depends for illumination."  *Id*. at 517 (quotations and citation omitted).  It is the plaintiff's burden to demonstrate these requirements are met.  *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).  Each of these requirements "must be established before a federal court can review the merits of the case."  *Consumer Data Indus. Ass'n v. King*, 678 F.3d 898, 902 (10th Cir. 2012).  As for the requirement of injury-in-fact, the injury alleged by the Plaintiff must be "concrete and particularized."  *Summers*, 555 U.S. at 493.

The court concludes that Plaintiff lacks Article III standing to bring this lawsuit because he has not suffered an injury-in-fact.  As a threshold matter, Plaintiff fails to allege how he has been injured by Defendant.  In the complaint, Plaintiff alleges that because he submitted guest surveys online, he was "refused service, trash talked to an extreme, and informed of his permanent criminal trespass status."[7]  However, even if true, these allegations, standing alone as they do in the complaint, do not give rise to an actionable injury.  Therefore, the court concludes

---

[7] *Id*.

that Plaintiff lacks standing and, consequently, that this action should be dismissed under Rule 12(b)(1).

## II.     Failure to State Claims Upon Which Relief Can Be Granted

As noted above, Plaintiff's complaint purports to assert the following five causes of action:  (A) fraud, (B) violations of Title II of the Civil Rights Act, (C) violations of the Utah Civil Rights Act, (D) violations of Plaintiff's due process rights, and (E) violations of the Americans with Disabilities Act ("ADA").  Based upon the following analysis, the court concludes that this action should be dismissed for failure to state any claims upon which relief can be granted.

### A.  Fraud

Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, to properly allege fraud, Plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed R. Civ. P. 9(b).  The Utah Supreme Court has set forth the elements of fraud as follows:

> (1) That a representation was made;
>
> (2) concerning a presently existing material fact;
>
> (3) which was false;
>
> (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he [or she] had insufficient knowledge upon which to base such representation;
>
> (5) for the purpose of inducing the other party to act upon it;
>
> (6) that the other party, acting reasonably and in ignorance of its falsity;
>
> (7) did in fact rely on it;

>   (8) and was thereby induced to act;
>
>   (9) to his [or her] injury and damage.

*Crookston v. Fire Ins. Exch.*, 817 P.2d 789, 800 (Utah 1991) (alterations in original).

Plaintiff's fraud claim is based on his conclusory allegation that he "was defrauded."[8] Defendant correctly argues that Plaintiff's complaint does not satisfy the specificity requirements of Rule 9(b) or allege any facts to satisfy the elements of fraud set forth above.  Instead, Plaintiff makes only conclusory allegations to support his claim, which are insufficient to satisfy the particularity requirements under rule 9(b).  *See, e.g.*, *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (holding that dismissal of the plaintiff's complaint was proper "because his vague and conclusory allegations of fraud failed to come anywhere near satisfying the specificity requirements of Federal Rule Civil Procedure 9(b)").  Accordingly, the court concludes that Plaintiff fails to state a claim for fraud.

      **B.**      **Title II of the Civil Rights Act**

Title II of the Civil Rights Act protects an individual's "full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation" free of discrimination based on race, color, religion, or national origin.  42 U.S.C. § 2000a(a).  To plead a prima facie case of Title II public accommodation discrimination, a plaintiff must show that he:  "(1) is a member of a protected class, (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodation, (3) was denied those

---

[8] *Id.*

benefits and enjoyment, and (4) was treated less favorably than similarly situated persons who are not members of the protected class." *McCoy v. Homestead Studio Suites Hotels*, 390 F. Supp. 2d 577, 584-85 (S.D. Tex. 2005).

Plaintiff has not alleged that he is a member of a protected class, nor has he alleged that he was treated less favorably than a similarly situated person outside of any protected class. In fact, it is not even clear from the complaint whether Plaintiff is claiming discrimination based on race, color, religion, or national origin. Consequently, he has not alleged facts sufficient to plead a plausible Title II claim. Moreover, his own allegations further make clear that any adverse actions about which he is complaining were taken because of his actions with respect to guest surveys, and not because of Plaintiff's membership in any class protected by Title II. Accordingly, the court concludes that Plaintiff fails to state a claim for violations of Title II of the Civil Rights Act.

### C. Utah Civil Rights Act

The relevant portion of the Utah Civil Rights Act provides:

> All persons within the jurisdiction of this state are free and equal and are entitled to full and equal accommodations, advantages, facilities, privileges, goods and services in all business establishments and in all places of public accommodation, and by all enterprises regulated by the state of every kind whatsoever, without discrimination on the basis of race, color, sex, religion, ancestry or national origin. Nothing in this act shall be construed to deny any person the right to regulate the operation of a business establishment or place of public accommodation or an enterprise regulated by the state in a manner which applies uniformly to all persons without regard to race, color, sex, religion, ancestry, or national origin; or to deny any religious organization the right to regulate the operation and procedures of its establishments.

Utah Code § 13-7-3.

Although Plaintiff's complaint purports to assert a claim for violations of the Utah Civil Rights Act, Plaintiff has failed to allege any specific facts showing discrimination against him on the basis of his race, color, sex, religion, ancestry, or national origin, nor has he pled any specific facts from which such discrimination may reasonably be inferred.  Thus, for the same reasons that Plaintiff fails to state a claim under Title II of the Civil Rights Act, he also fails to state a claim under the Utah Civil Rights Act.

D. **Due Process**

Plaintiff's complaint does not explain how he claims that Defendant has violated his rights under the Due Process clause of the Fourteenth Amendment.  Regardless of the nature of Plaintiff's intended theory in this regard, this claim must be dismissed because, as the Tenth Circuit has explained, "the Due Process Clause of the Fourteenth Amendment by its plain language applies only to state action," and "private action itself is never cognizable under § 1983." *Gray v. Univ. of Colo. Hosp. Auth.*, 672 F.3d 909, 927-28 (10th Cir. 2012).  Simply put, Plaintiff cannot assert a due process claim against Defendant because Defendant is not a state actor.  Therefore, Plaintiff fails to state a claim for violations of his due process rights.

E. **ADA**

Although Plaintiff does not specify which title of the ADA he relies upon, it appears, based on the other claims listed in the complaint, that he is attempting to assert a claim under Title III of the ADA, which prohibits discrimination based on disability by places of public

accommodation.[9]  *See* 42 U.S.C. § 12182.  To plead a prima facie case for violation of Title III of the ADA, a plaintiff must show that:  "(1) he or she has a disability; (2) he or she was otherwise qualified for the benefit that has been denied; (3) the defendants are subject to Title III of the ADA; and (4) he or she was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of his or her disability."  *Dettmer v. Tonsager*, No. 2:12-CV-00203-ABJ, 2014 WL 1569484, at *3 (D. Wyo. Apr. 18, 2014) (quotations and citation omitted).

While Plaintiff attempts to plead that he is disabled within the meaning of the ADA by claiming that Park had "the perception of an emotional disability in connection with the Plaintiff,"[10] Plaintiff makes no allegations that Defendant discriminated against him because of any alleged disability.  Instead, he alleges only that he was unfairly asked to leave Defendant's restaurant because he submitted guest comments and surveys online, not because of any disability, perceived or otherwise.  Consequently, Plaintiff fails to state a claim under Title III of the ADA.

---

[9] Plaintiff cannot bring a claim for violation of Title I of the ADA because it governs discrimination by employers against employees and prospective employees.  *See* 42 U.S.C. § 12112(a).  Plaintiff has never been an employee of Defendant's or attempted to be, nor does he allege as much.  Plaintiff also cannot bring a claim for violation of Title II of the ADA because Title II applies to state and local governments and not private companies like Defendant.  *See* 42 U.S.C. § 12132; *see also Phillips v. Tiona*, 508 F. App'x 737, 747-49 (10th Cir. 2013) (noting that Title II does not apply to private entities).

[10] Docket no. 3 at 5.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is hereby recommended that Defendant's motion to dismiss[11] be GRANTED and that this action be DISMISSED WITH PREJUDICE.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 14th day of August, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[11] *See* docket no. 4.