IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL C. SUSSMAN, <br><br> Plaintiff, <br><br> v. <br><br> BLAZIN WINGS, INC., <br><br> Defendant. | REPORT AND RECOMMENDATION <br><br> Case No. 2:18-cv-00623-TC-PMW <br><br> District Judge Tena Campbell <br><br> Chief Magistrate Judge Paul M. Warner |

District Judge Tena Campbell referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] At the outset, the court recognizes that Plaintiff Michael C. Sussman ("Plaintiff") is proceeding pro se in this case. As detailed below, this court recommends that Plaintiff be designated as a restricted filer in the District of Utah.

## ANALYSIS

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). To place filing restrictions on a litigant, a court must (1) set forth "the litigant's lengthy and abusive history," (2) give specific "guidelines as to what the litigant may do to obtain . . . permission to file an action," and (3) provide the litigant "notice and an opportunity" to address the proposed filing restrictions. *Id.* (citing *Tripati v. Beaman*, 878 F.2d 351, 353-54 (10th Cir. 1989)). The court will address each of those three factors in turn.

---

[1] *See* docket no. 5.

## I.     History

Plaintiff has filed eight (8) cases as a pro se litigant in the District of Utah in a period of approximately two (2) years.  In every case, Plaintiff has been permitted to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915 ("IFP Statute").

On October 25, 2016, Plaintiff applied to proceed IFP in a case, and that application was granted.[2]  Plaintiff's complaint in that case was filed on October 27, 2016.  Plaintiff's complaint alleged claims against Wells Fargo Bank, N.A. ("Wells Fargo"), based upon collection of a third-party judgment from Plaintiff's Wells Fargo bank account.  Plaintiff alleged claims against Wells Fargo for fraud, interstate bank robbery, and civil rights violations.  Wells Fargo filed a motion to dismiss the action for failure to state claims upon which relief can be granted.  On August 31, 2017, this court issued a Report and Recommendation in which it recommended that Wells Fargo's motion to dismiss be granted and that the action be dismissed.  Plaintiff failed to file any objections to that Report and Recommendation.  On September 19, 2017, District Judge Jill N. Parrish adopted the Report and Recommendation and dismissed the action with prejudice.

On October 25, 2016, for the second time on the same date, Plaintiff applied to proceed IFP in a case, and that application was granted.[3]  Plaintiff's complaint in that case was filed on October 28, 2016.  Plaintiff's complaint alleged claims against the named defendant for civil rights violations, denial of freedom of religion, denial of due process, and breach of contract.  On March 14, 2017, the named defendant filed a stipulated motion to dismiss the action.  In that motion, which was signed by Plaintiff, the parties agreed that Plaintiff had named the wrong

---

[2] *See Sussman v. Wells Fargo Bank, N.A.*, 2:16-cv-01094-JNP.

[3] *See Sussman v. Douglas S. Clark Heirs Ltd. P'ship*, 2:16-cv-01095-DB.

party as the defendant in the action. On March 15, 2017, District Judge Dee Benson dismissed the action without prejudice.

On October 25, 2016, for a third time on the same date, Plaintiff applied to proceed IFP in a case, and that application was granted.[4] Plaintiff's complaint in that case was filed on November 2, 2016. Plaintiff's complaint alleged claims against Trader Joe's for violations of his civil rights, due process rights, the Americans with Disabilities Act, the Utah Administrative Code, right to free speech, and right to freedom of religion. Trader Joe's filed a motion to dismiss the action for lack of subject matter jurisdiction and failure to state claims upon which relief can be granted. On August 11, 2017, Magistrate Judge Dustin B. Pead issued a Report and Recommendation in which he recommended that Trader Joe's motion to dismiss be granted. Plaintiff failed to file any objections to that Report and Recommendation. On September 7, 2017, District Judge Clark Waddoups adopted the Report and Recommendation and dismissed the action with prejudice.

On October 31, 2016, only six (6) days after he applied to proceed IFP in the previous three cases discussed, Plaintiff applied to proceed IFP in a case, and that application was granted.[5] Plaintiff's complaint in that case was filed on November 2, 2016. Plaintiff's complaint alleged claims against Weber State University for due process violations and defamation. Weber State University filed a motion to dismiss the action for lack of subject matter jurisdiction and failure to state claims upon which relief can be granted. On February 22, 2017, District Judge

---

[4] *See Sussman v. Trader Joe's*, 2:16-cv-01096-CW.

[5] *See Sussman v. Weber State Univ.*, 2:16-cv-01119-TC.

3

Tena Campbell issued an Order and Memorandum Decision granting Weber State University's motion to dismiss and dismissing the action with prejudice.

On October 31, 2016, for the second time on the same date, Plaintiff applied to proceed IFP in a case, and that application was granted.[6]  Plaintiff's complaint in that case was filed on November 4, 2016.  Plaintiff's complaint alleged claims against the named defendants for due process violations and violations of various rights.  The named defendants filed a motion to dismiss the action for lack of subject matter jurisdiction and failure to state claims upon which relief can be granted.  On August 11, 2017, Judge Pead issued a Report and Recommendation in which he recommended that the named defendants' motion to dismiss be granted.  Judge Pead recommended that certain of Plaintiff's claims be dismissed with prejudice and that certain of Plaintiff's claims should be dismissed without prejudice.  On September 7, 2017, Judge Parrish issued an order on Magistrate Judge Pead's Report and Recommendation.  In that order, Judge Parrish concluded that all of Plaintiff's claims should be dismissed without prejudice.  Judge Parrish provided Plaintiff with twenty-one (21) days after the date of her order to file an amended complaint.  Plaintiff was warned that his failure to do so would result in the action being dismissed.  Plaintiff failed to file an amended complaint by that deadline.  On November 29, 2017, the named defendants then filed a motion to dismiss the action with prejudice for lack of prosecution.  On December 5, 2017, Judge Parrish denied that motion, but instructed the Clerk of the Court to close the action.

---

[6] *See Sussman v. Utah Dep't of Workforce Servs.*, 2:16-cv-01120-JNP.

4

On May 17, 2017, Plaintiff applied to proceed IFP in a case, and that application was granted.[7] Plaintiff's complaint in that case was filed on May 18, 2017. Plaintiff's complaint alleged claims against the named defendant for assault and for violations of his civil rights, his "easement" rights, the Utah Administrative Code, his right to free speech, his right to freedom of religion, and his due process rights. On May 30, 2017, Magistrate Judge Brooke C. Wells issued a Report and Recommendation in which she recommended that the action be dismissed under the authority of the IFP Statute for failure to state claims upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff filed objections to the Report and Recommendation on June 9, 2017. On June 29, 2017, District Judge David Nuffer issued an order adopting the Report and Recommendation and dismissing the action.

On September 7, 2017, Plaintiff applied to proceed IFP in a case, and that application was granted.[8] Plaintiff's complaint in that case was filed on September 14, 2017. Plaintiff's complaint alleged claims against the named defendants for certain civil rights violations, violations of Emergency Medical Treatment and Active Labor Act, torture, false arrest, and assault. On September 7, 2018, this court issued a Report and Recommendation in which it recommended that Plaintiff's complaint be dismissed under the authority of the IFP Statute for failure to state claims upon which relief can be granted. *See id*. Plaintiff failed to file any objections to that Report and Recommendation. On September 27, 2018, Judge Nuffer issued an order adopting the Report and Recommendation and dismissing the action with prejudice.

---

[7] *See Sussman v. WFM-WO*, 2:17-cv-00418-DN.

[8] *See Sussman v. S. Salt Lake City*, 2:17-cv-01012-DN.

On August 6, 2018, Plaintiff applied to proceed IFP in the instant case, and that application was granted.[9] Plaintiff's complaint alleges claims against the named defendant for fraud, violations of Title II of the Civil Rights Act, violations of the Utah Civil Rights Act, violations of Plaintiff's due process rights, and violations of the Americans with Disabilities Act.[10] The named defendant filed a motion to dismiss the action for lack of subject matter jurisdiction and failure to state claims upon which relief can be granted.[11] In a separate Report and Recommendation issued on August 14, 2019, this court has recommended that the named defendant's motion to dismiss be granted and that the action be dismissed with prejudice.[12] That Report and Recommendation is currently pending before Judge Campbell.

## II.   Proposed Filing Restrictions

Based upon the foregoing history, this court concludes that Plaintiff is a pro se litigant who has abused the process for proceeding IFP by filing numerous meritless lawsuits that have been dismissed for failure to state claims upon which relief can be granted. Consistent with restrictions previously imposed by the court that have been upheld by the Tenth Circuit, *see In re Raiser*, 293 Fed. App'x 619, 619-22 (10th Cir. 2008), this court recommends that the following restrictions be imposed on Plaintiff in any cases in which he is proceeding pro se:

---

[9] *See* docket no. 1-2.

[10] *See* docket no. 3.

[11] *See* docket no. 4.

[12] *See* docket no. 11.

1. Any new civil complaint that Plaintiff submits to this court will be collected by the Clerk of the Court and sent to a Magistrate Judge for review.

2. The Magistrate Judge will then review the complaint to determine whether it is meritorious and should be filed, or whether it is meritless, duplicative, or frivolous.

3. If the Magistrate Judge determines that the complaint is meritless, duplicative, or frivolous, the Magistrate Judge will forward the complaint to the Chief District Judge for further review.

4. Only with the consent of the Chief District Judge will the complaint be filed.

5. Plaintiff's pleadings must be certified as provided in Rule 11 of the Federal Rules of Civil Procedure.

### III. Notice and Opportunity to be Heard

This Report and Recommendation serves as the required notice and opportunity afforded to Plaintiff to address the proposed filing restrictions. Plaintiff is hereby notified that "[t]he notice and opportunity requirement does not, however, require an in-person hearing in the district court." *Tripati*, 878 F.2d at 354. Whether a hearing will be set is a determination to be made by either Judge Campbell or Chief District Judge Robert J. Shelby.

### CONCLUSION AND RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff be designated as a restricted filer in the District of Utah, as detailed above.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The parties

must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 15th day of August, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge